IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-07-CR-174 LY |
| § | |
| RICHARD HERNANDEZ § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on August 28, 2015, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On November 27, 2007, the Defendant was sentenced to 41 months imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Hernandez commenced his supervision on September 20, 2010. He was also on state parole at this time, and on November 2, 2010, Hernandez was arrested on a parole warrant for alleged violations of his electronic monitoring requirements. He remained in custody until December 2010, when he was ordered to reside in an intermediate sanctions facility for 60-90 days. A few months after completing that stay, in June 2011, Hernandez was arrested and charged with violating a protective order–third offense. He was arrested in El Paso, Texas where he was residing

at a halfway house as part of his state parole requirements. He remained in custody until he pled guilty to the offense on March 12, 2012, at which time he was sentenced to 10 years in TDCJ. As a result of this conviction, on March 12, 2012, the Probation Office filed its Petition, alleging that the Defendant violated his conditions by being convicted of a new offense. Magistrate Judge Dennis Green ordered the issuance of a warrant that same day.

Hernandez was released onto parole on the state conviction on August 4, 2015, and was taken into custody by Deputy US Marshals on the outstanding warrant from 2012. He was eventually transferred to the Austin Division, and on August 28, 2015, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) being convicted of violating a protective order–third offense; and (2) by having contact with Krystal Morkovsky without approval of the probation office.

III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.

In determining what sentence to recommend, the Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a VI, resulting in an (advisory) guideline range of 21-24 months of imprisonment. Hernandez has a long history of harassing and terrorizing his former wife and mother-in-law. Indeed, it was contact he had with Krystal Morkovsky in 2012 that led to his most recent conviction, and thus to this violation. The Court reviewed a detailed psychological evaluation of Hernandez as part of the revocation proceedings, and it is clear that a severe head injury that Hernandez suffered in a motorcycle accident in 2005 has contributed to his stalking-like behavior of his ex-wife and her mother. It is also clear that he will continue to pose a risk to their safety if he does not receive treatment for the mental health issues that resulted from his

crash. Because the actual conduct that led to the new conviction was one, apparently non-threatening, phone call, the Court does not believe that a guideline sentence is warranted, though additional supervision after imprisonment is appropriate.

ACCORDINGLY, the Court RECOMMENDS that the Defendant be sentenced to 8 months of imprisonment, followed by 28 months of supervised release. IT IS FURTHER RECOMMENDED that the District Court's judgment include a directive that, while he is in custody, the Probation Office obtain an updated psychological evaluation of the Defendant to assess any risk he may pose to others once released, and—prior to Hernandez's release from federal custody—develop a release plan that takes into account the recommendations of the evaluation, and at a minimum, addresses the treatment or counseling Hernandez will participate in, where he will reside, and his medication regimen, if needed. FINALLY, IT IS RECOMMENDED that the District Court direct that the Probation Office take steps to insure that the release plan will be able to implemented promptly upon Hernandez's release from custody.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of September, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE